**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Terry, | No. CV-17-04792-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| United Parcel Service Incorporated, | |
| Defendant. | |

Pending before the Court are Defendant's Motion for Judgment on the Pleadings and for Summary Judgment (Doc. 156), to which Plaintiff filed a Response (Doc. 163), and Defendant filed a Reply (Doc. 171); and Defendant's Motion to Dismiss, or in the Alternative, Remand to State Court (Doc. 170), to which Plaintiff filed a Response (Doc. 175), and while the time for Defendant to file a Reply has not expired, the Court finds a Reply unnecessary.

**I.    BACKGROUND**

Plaintiff filed his Amended Complaint in federal court, pleading four federal causes of action against Defendant: (1) Disability Discrimination under the Americans with Disabilities Act ("ADA") (Count One); (2) Race Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") (Count Three); (3) Sex Discrimination under Title VII (Count Four); and (4) Age Discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (Count Five). (Doc. 27 at 7-10). Plaintiff also pled three state law claims: (1) Disability Discrimination under the

Arizona Civil Rights Act ("ACRA") (Count Two); (2) Discrimination in Violation of Arizona Medical Marijuana Act ("AMMA") (Count Six); and (3) Defamation Per Se (Count Seven). (*Id.* at 7-11). On May 29, 2018, Defendant filed a Motion to Dismiss Count Two, Plaintiff's claim for unlawful disability discrimination in violation of the ACRA, which the Court granted. (Doc. 93). The Court also granted the parties' Stipulation to Dismiss Count One, Plaintiff's claim for unlawful disability discrimination in violation of the ADA. (Doc. 132). Thus, there are three remaining federal claims (Counts Three, Four, and Five) and two remaining state law claims (Counts Six and Seven).

## II. DISCUSSION

In its pending Motion to Dismiss, Defendant argues that it moved for summary judgment on all of Plaintiff's remaining claims and in Plaintiff's Response, he voluntarily abandoned his three remaining federal claims by stating, "[u]pon further review of the law and the available evidence, [Plaintiff] is not opposing UPS' Motion [for Summary Judgment] as it relates to the counts for age, race, and sex discrimination . . . ." (Doc. 170 at 2) (quoting Doc. 163 at 1) (third alteration in original). Plaintiff further stated in his Response to Defendant's Motion for Summary Judgment, "[a]lthough [he] does feel that he was improperly discriminated against, he is making the strategic decision to move forward on his AMMA and defamation claims only." (Doc. 163 at 1) (emphasis added)). Additionally, in his Response to Defendant's Motion to Dismiss, Plaintiff concedes that "state law governs his remaining claims and that there is not a good reason for this Court to continue to assert supplemental jurisdiction." (Doc. 175 at 1).

In light of these representations, the Court will grant Defendant's Motion for Summary Judgment on Counts Three, Four, and Five only. Therefore, as only state law claims remain and Plaintiff agrees "that there is not a good reason for this Court to continue to assert supplemental jurisdiction[,]" the Court will grant Defendant's Motion to Dismiss.[1]

---

[1] Both parties appear to consent to this Court remanding the case to state court; however, this case originated in federal court. (Doc. 1). Thus, while the parties may have forgotten the well-settled principal that a federal court lacks the authority to remand a case to state court if the action originated in federal court, the Court has not. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 415 (2010) (finding "federal tribunals lack authority to remand to state court an action initiated in federal court."); *Christie v. Abdo*, 2012 WL 1768094, at

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings and For Summary Judgment (Doc. 156) is **GRANTED** as to Counts Three, Four, and Five only;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 170) is **GRANTED.** This action is **DISMISSED**; and

**IT IS FINALLY ORDERED** that all other pending Motions (Docs. 153 and 154) are **DENIED** as moot.

Dated this 3rd day of April, 2019.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge

---

*1 (D. Ariz. May 17, 2012) ("There is no federal statute or rule which authorizes a district court to remand or transfer a case to a state court if the action was originally filed in district court and the district is without subject-matter jurisdiction to decide the case."). Thus, the Court will dismiss, not remand, the action.